UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

KEITH CHIARO, et al.,                    )
                                         )
                    Plaintiffs,          )
                                         )
            v.                           )        No. 1:23-cv-01051-SEB-CSW
                                         )
THE METHODIST HOSPITALS, INC.,           )
                                         )
                    Defendant.           )

## ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

Plaintiffs Keith Chiaro and Jane Doe have brought this putative class action against Defendant The Methodist Hospitals, Inc. ("Methodist"), alleging that a website-tracking "pixel" embedded in the patient portal that Methodist uses at its healthcare locations throughout northwest Indiana disseminated their health data to others without their consent. Plaintiffs' complaint alleges various state law claims against Methodist, including invasion of privacy, breach of implied contract, unjust enrichment, breach of fiduciary duty, and violation of the Indiana Deceptive Consumer Sales Act.[1] Methodist removed the litigation from the Indiana Commercial Court in Marion County, Indiana, under 28 U.S.C. § 1442(a)(1), the federal officer removal statute. Now before the Court

---

[1] We note that, although Plaintiffs have twice amended their complaint while their motion to remand was pending, the Court in evaluating remand considers the complaint that was operative at the time of removal, which here, is Plaintiffs' original complaint. *United Farm Bureau Mut. Ins. Co. v. Metro. Hum. Rels. Comm'n*, 24 F.3d 1008, 1014 (7th Cir. 1994) (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537–38 (1939)).

is Plaintiffs' Motion to Remand [Dkt. 12].  For the reasons detailed below, we <u>GRANT</u> that motion.

<u>**Discussion**</u>

## I.   Remand

Methodist removed this case under 28 U.S.C. § 1442(a)(1), "which permits the removal of cases in which a federal agency or officer, or 'any person acting under that officer,' is a defendant." *Martin v. Peterson Health Operations, LLC*, 37 4th 1210, 1212 (7th Cir. 2022).  "Federal officer removal is appropriate when 'the defendant (1) is a person within the meaning of the statute, (2) is acting under the United States, its agencies, or its officers, (3) is acting under color of federal authority, and (4) has a colorable federal defense." *Baker v. Atlantic Richfield, Co.*, 962 F.3d 937, 941 (7th Cir. 2020) (quoting *Betzner v. Boeing Co.*, 910 F.3d 1010, 1015 (7th Cir. 2018)).  All four of these requirements must be met to remove a case to federal court, *Doe v. Sarah Bush Lincoln Health Center*, No. 23-CV-2170, 2023 WL 7690179, at *3 (C.D. Ill. Nov. 13, 2023), and the party seeking removal bears the burden of establishing federal jurisdiction. *Tri-State Water Treatment, Inc. v. Bauer*, 845 F.3d 350, 352 (7th Cir. 2017).

Plaintiffs argue that this action must be remanded because Methodist has failed to satisfy the second requirement for federal officer removal, to wit, that Methodist "is acting under the United States, its agencies, or its officers," merely by complying with the Department of Health and Human Services' (HHS) "Meaningful Use Program" that, in part, encourages hospitals to make health care records available to patients online in exchange for incentive payments.  Methodist rejoins that it has established that it was

2

"acting under" the federal government by receiving payment for complying with the Meaningful Use regulations because, in doing so, it was "assisting the federal government with its initiative to provide patients … with online access to their health care records," and without Methodist's (and comparable medical providers') role in creating a patient portal, the federal government would be "left alone to complete its federal mission of digitizing health information."  Dkt. 21 at 11, 13.

The United States Supreme Court has ruled that, for a private entity like Methodist to be "acting under" a federal officer, the private entity must be involved in "an effort to assist, or to help carry out, the duties or tasks of the federal superior." *Watson v. Phillip Morris Cos., Inc.*, 551 U.S. 142, 152 (2007) (emphasis removed).  Typically, "[t]hat relationship … involves subjection, guidance, or control." *Id.* at 151 (quotation marks omitted).  Mere compliance or non-compliance with federal laws, rules, and regulations "does not by itself fall within the scope of the statutory phrase 'acting under' a federal 'official' … even if the regulation is highly detailed and even if the private firm's activities are highly supervised and monitored." *Id.* at 153.  However, where a private contractor helps "the Government to produce an item that it needs[,] [t]he assistance that private contractors provide federal officers goes beyond simple compliance with the law and helps officers fulfill other basic governmental tasks." *Id.*

Applying *Watson*, the Seventh Circuit has found on several occasions that private corporations "act[ed] under" the federal government for purposes of federal officer removal when they were acting under the control and supervision of the government as military contractors producing goods and/or performing tasks the government would

3

otherwise have to produce or perform itself.  *E.g.*, *Baker v. Atlantic Richfield Co.*, 962 F.3d 937, 942 (7th Cir. 2020) (holding that the owner of a plant conducting wartime operations "acted under" federal authority when it produced chemicals "to help conduct a war" that the government would have otherwise "had to manufacture"); *Betzner v. Boeing Co.*, 910 F.3d 1010, 1015 (7th Cir. 2018) (holding that an aircraft manufacturer for the United States Air Force was "acting under" the federal government because it "acted under the military's detailed and ongoing control" and performed a role the federal government would have "otherwise used its own agents to complete"); *Ruppel v. CBS Corp.*, 701 F.3d 1176, 1181 (7th Cir. 2012) (holding that a turbine manufacturer for the United States Navy that worked "hand-in-hand with the government" to "achieve an end [the government] would have otherwise used its own agents to complete" was "acting under" a federal officer).

In contrast, the Seventh Circuit has held, in line with *Watson*, that "merely being subject to federal regulations or performing some functions that the government agency controls is not enough to transform a private entity into a federal officer."  *Panther Brands, LLC v. Indy Racing League, LLC*, 827 F.3d 586, 590 (7th Cir. 2016).  Thus, for example, in *Martin v. Peterson Health Operations, LLC*, the Seventh Circuit recently held that, despite being "subject to extensive federal regulation (especially if it hope[d] to be reimbursed under the Medicare or Medicaid program)," a nursing home nonetheless retained its "private character" and was not "acting under" the federal government for purposes of § 1442(a)(1) because "regulation does not turn a private entity into a public actor."  37 F.4th 1210, 1212–1213 (7th Cir. 2022).

4

Although the Seventh Circuit has not yet had occasion to address the applicability of § 1442(a)(1) under the precise facts presented here, several district courts across the country, including ours, have done so.  Within the past month, this court has addressed three motions to remand in which the plaintiffs and putative classes alleged that a website tracking pixel within the hospitals patient portal shared their health data without consent and the hospital defendants removed state court cases to federal court under § 1442(a)(1). *See Fleece v. Board of Trustees of the Hancock Regional Hosp.*, No. 1:23-cv-01235-MFB-TAB (S.D. Ind. Nov. 17, 2023); *Lamarr v. Goshen Health Sys. Inc.*, No. 1:23-cv-01173, 2023 WL 6690582 (S.D. Ind. Oct. 12, 2023), *appeal docketed*, No. 23-3175 (7th Cir. Nov. 12, 2023); *Elkins v. Southeastern Ind. Health Mgmt. Inc.*, No. 1:23-cv-01117, 2023 WL 6567438 (S.D. Ind. Oct. 12, 2023), *appeal docketed*, No. 23-3159 (7th Cir. Nov. 9, 2023).  All three of these cases were remanded to state court on grounds that the hospitals' creation and hosting of patient portals was "not something the government 'needs,' nor is the maintenance of electronic health records a 'basic governmental task,'" (*Elkins*, 2023 WL 6567438, at *2 (quoting *Baker*, 962 F.3d at 942); *accord Lamarr*, 2023 WL 6690582, at *2), nor was there any "evidence … that without [the defendant hospital's] work, the federal government would have used its own agents to create online portals for healthcare patients to access their records." *Fleece*, Dkt. 35 at 5.  Accordingly, the defendant hospitals in each of these cases were found to be "more like the regulated nursing home seeking reimbursement in *Martin* than the three military manufacturers in *Ruppel*, *Betzner*, and *Baker*" and therefore were not "acting under" the federal government as required by § 1442(a)(1).  *Lamarr*, 2023 WL 6690582, at *2.

5

We find persuasive the reasoning set forth in *Elkins*, *Lamar*, and *Fleece*, and hold that it applies equally to the facts at bar.  The mere fact that, in complying with the Meaningful Use Program for incentive payments, Methodist is furthering a broad goal of the federal government to increase patients' access to online healthcare information, without more, is not enough to satisfy the "acting under" requirement for federal officer removal.  This conclusion is in line with the majority of our sister district courts that have addressed the same issue and have decided to remand in similar circumstances.  *See Sarah Bush Lincoln Health Ctr.*, 2023 WL 7690179, at *4 (collecting cases).

In opposition to remand, Methodist relies on two out-of-circuit district court decisions—*Doe I v. UPMC*, No. 2:20-cv-359, 2020 WL 4381675 (W.D. Pa. July 31, 2020) and *Doe v. ProMedica Health System, Inc.*, No. 3:20 CV 1581, 2020 WL 7705627 (N.D. Ohio Oct. 30, 2020)—that found jurisdiction under § 1442(a)(1) in circumstances analogous to those presented here.  However, in its reliance, Methodist ignores the fact that, since these decisions were issued in 2020, "'the tide has turned decidedly in the other direction,' and most cases have now concluded that there is no basis for federal officer removal under these facts." *Sarah Bush Lincoln Health Ctr.*, 2023 WL 7690179, at *4. A sea change in and of itself is, of course, not necessarily dispositive, but we agree with the conclusion by those district courts that the cases cited by Methodist "entailed an overly broad interpretation of what it means to assist a federal superior with its tasks or duties, which would permit removal to federal court in circumstances far beyond anything Congress intended." *Crouch v. St. Agnes Med. Ctr.*, No. 1:22-cv-01527, 2023 WL 3007408, at *5 (E.D. Cal. Apr. 19, 2023) (citations and quotation marks omitted).

## II.     Attorney Fees

The Court has discretion to award Plaintiffs attorney fees under 28 U.S.C.

§ 1447(c) for prevailing on her motion to remand.  The Seventh Circuit has found such an

award appropriate where "clearly established law demonstrate[s] that [a defendant] had

no basis for removal ...."  *Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir. 2007).  Here,

although Methodist did not prevail on its federal officer argument, we cannot say that it

was made in the face of "clearly established law" demonstrating no basis for removal.

Accordingly, we decline to award attorney fees.

## <u>Conclusion</u>

For these reasons, Plaintiffs' Motion to Remand [Dkt. 12] is <u>GRANTED</u>, with the

exception that the Court declines to award attorney fees.  This cause is hereby

<u>REMANDED</u> to Marion Superior Court, Commercial Court.  All currently pending

motions are <u>DENIED</u> without prejudice.

IT IS SO ORDERED.

Date: _____11/29/2023_____          _____

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Mary Kate Dugan
Cohen & Malad, LLP
mdugan@cohenandmalad.com

Michelle R. Gomez
Baker & Hostetler LLP
mgomez@bakerlaw.com

Paul G Karlsgodt
Baker & Hostetler LLP
pkarlsgodt@bakerlaw.com

Emily Davin Kopp
Cohen & Malad, LLP
ekopp@cohenandmalad.com

Vess Allen Miller
COHEN & MALAD LLP
vmiller@cohenandmalad.com

Tyler John Moorhead
BOSE MCKINNEY & EVANS LLP
tmoorhead@boselaw.com

Amina Thomas
COHEN & MALAD LLP
athomas@cohenandmalad.com

Lynn A. Toops
COHEN & MALAD LLP
ltoops@cohenandmalad.com

Philip R. Zimmerly
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
pzimmerly@boselaw.com